ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TABOR WILLIAMS, | ) | |
| | ) | CASE NO. 5:05CV1906 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge John R. Adams |
| | ) | |
| FIRSTENERGY CORPORATION, et al., | ) | MEMORANDUM OPINION & ORDER |
| | ) | [Resolving Docs. 14 & 15] |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on two motions filed by the parties to this action. Plaintiff Tabor Williams filed the first motion. In his motion, Plaintiff seeks to have the Court impose sanctions against Defendant FirstEnergy's counsel, Thomas I. Michals and Anthony Stringer, and against the law firm of Calfee, Halter & Griswold LLP for counsels' conduct. Defendant the Cleveland Electric Illuminating Company (CEI) filed the second motion. In its motion, CEI seeks to have the claims against it dismissed as being outside of the statute of limitations. The Court has reviewed the pleadings, motions, and applicable law and, for the reasons that follow, DENIES both motions.

## I. Introduction

The unfortunate event on which this lawsuit is premised occurred on August 3, 2003 when Plaintiff was electrocuted and fell twenty-four feet from the roof of the building on which he was working. A fire, which was caused by a broken high voltage power line that was owned and operated by CEI, had damaged the roof. According to Plaintiff, the power line had been negligently repaired just before Plaintiff began repairs on the roof and it was the negligent repair

that caused his injuries.  As a result of the electrocution, Plaintiff fell from the roof and suffered a broken pelvis, serious third-degree burns, and other severe emotional and psychological injuries.

## II.  Procedural History

Prior to filing his lawsuit, Plaintiff's counsel conducted an investigation into the circumstances surrounding the accident.  He obtained a copy of the file from the Occupational Safety and Health Administration (OSHA) that reflected their investigation of the accident.  The OHSA report indicated that the power lines were FirstEnergy lines that appeared to be in violation of FirstEnergy's own clearance standards.

Based on the findings in the OSHA report, Plaintiff's counsel began corresponding with FirstEnergy in late 2004 regarding the accident.  He sent a letter to FirstEnergy that detailed the circumstances surrounding the accident and alleged that FirstEnergy was responsible for negligently maintaining the power lines. The letter was forwarded to FirstEnergy's counsel who sent Plaintiff's counsel a letter stating that he and his firm represented FirstEnergy and its operating entities.  The letter also requested that Plaintiff's counsel provide FirstEnergy with additional information regarding the claims and requested information pertaining to settlement.  Plaintiff's counsel responded with a settlement demand, but did not receive a response.  He then filed the Complaint on Plaintiff's behalf.

On March 10, 2006, the parties appeared before the Court for a Case Management Conference.  At the conference, FirstEnergy denied any liability and claimed that CEI was the responsible party because it was CEI and not FirstEnergy that owned and maintained the power lines.  At no time prior to the Case Management Conference, however, was Plaintiff's counsel

2

directly informed of FirstEnergy's position through his correspondence with its counsel.

After learning that CEI was the potentially responsible party, Plaintiff filed his Motion for Sanctions claiming that FirstEnergy's counsel deliberately misled him by not alerting him earlier that FirstEnergy did not own and operate the lines and that CEI was the responsible party. At the Court's directive, Plaintiff filed his Amended Complaint adding CEI as a party to the lawsuit. Shortly thereafter, CEI filed its Motion to Dismiss, claiming that the statute of limitations barred Plaintiff's claims.

### III. CEI's Motion to Dismiss

On a Rule 12(b)(6) motion to dismiss, the Court "must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1239-40 (6th Cir. 1993)). If an allegation is capable of more than one inference, the Court must construe it in the plaintiff's favor. *Id.* The Court may not grant a Rule 12(b)(6) motion merely because it may not believe a plaintiff's factual allegations. *Id.* Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must allege either "direct or inferential" allegations regarding all of the material elements necessary to sustain recovery under "some" viable legal theory. *Id.*

According to CEI, Plaintiff's claims against it must be dismissed because Plaintiff did not file his action against CEI until well after the two-year statute of limitations. *See generally* Ohio Rev. Code Ann. § 2305.10. CEI also argues that the Amended Complaint does not relate back to

the original filing because the Sixth Circuit prohibits the use of "John Doe" pleadings to circumvent the statute of limitations.

Federal Rule 15(c) provides three specific instances where an amended pleading is permitted to relate back to the date of the original pleading:

> (1) when it is permitted by the law that provides the statute of limitations applicable to the action, *or*
> (2) when the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, *or*
> (3) when the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision of (2) is satisfied *and*, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, *and* (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

Fed. R. Civ. P. 15(c). The relation-back doctrine is based on the concept that once litigation ensues, the parties are not entitled to the protection of the statute of limitations for later claims or defenses that arose out of the same conduct, occurrence or transaction. *Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999).

The issue before the Court on CEI's Motion to Dismiss is whether Plaintiff's Amended Complaint relates back to the timely original filing under Rule 15(c), or whether Plaintiff's claims against it are time-barred. Because the incident in question occurred on August 3, 2003, the statute of limitations expired on August 3, 2005. Thus, Plaintiff's claims against CEI are potentially barred because it was not added as a party until January 27, 2006.

In it's motion, CEI focuses on the Sixth Circuit's ruling in *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). In *Cox*, the Sixth Circuit stated that a plaintiff's substitution of a named

4

defendant for a "John Doe" defendant is considered a *change* in parties and not a *substitution* of parties. *Id.* Therefore, the court held, if a plaintiff seeks to substitute a named party in place of a "John Doe" defendant, the plaintiff must meet the requirements of Federal Rule 15(c) in order for the amended pleading to relate back to the filing of the original complaint.[1] *Id.*

Applying *Cox* to this case, Plaintiff's claims against CEI can withstand dismissal only if: (1) the amendment changes the party or the naming of the party; (2) Plaintiff's claims arose out of the same conduct, transaction, or occurrence set forth in the original pleading; and, (3) CEI received notice of the action within the period provided for by Federal Rule 4(m) *and* knew or should have known that but for a *mistake concerning the identity of the proper party* the action would have been brought against it.

Here, Plaintiff seeks to change the name of a party and his claims against CEI clearly arose out of the same conduct, transaction, or occurrence set forth in the original pleading. The Court's inquiry, therefore, is limited to whether CEI received notice of the action and whether it should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against it. In focusing its attention on the "mistaken identity" portion of the Rule 15(c) analysis, the Court finds that Plaintiff is able to satisfy this portion of the rule. As the record plainly demonstrates, Plaintiff had a genuine belief that FirstEnergy owned and operated the power lines at issue and made this belief plainly known to FirstEnergy through an

---

[1] Plaintiff is correct that the Court did order that an amended complaint be filed against CEI and that FirstEnergy was not to be dismissed prior to Plaintiff's filing his amended complaint. This is why Plaintiff technically substituted CEI for a John Doe defendant instead of FirstEnergy. Thus, this is not the typical situation in which a plaintiff learns of the identity of a new party through discovery and seeks to add that party at a later date. Moreover, the Order was not *ex parte* as CEI suggests. Rather, it was given verbally at the initial Case Management Conference when it was discovered that FirstEnergy disclaimed any and all liability because CEI owned and operated the power lines.

abundance of written correspondence.  FirstEnergy knew that it did not own and operate the power lines at issue and it knew that CEI did.  Yet, FirstEnergy chose to remain silent with this fact until the Case Management Conference when it revealed this information to Plaintiff.

In its motion, CEI argues that Plaintiff's decision to not name it as a defendant was not a mistake because the original Complaint states that "John Doe" defendants were necessary because it was likely that there were additional unidentified entities.  However, the record as a whole demonstrates that Plaintiff's decision to not name CEI as a defendant was a mistake and the correspondence between counsel gives rise to the inference that the information was not shared with Plaintiff in order to preserve a defense for CEI.[2]

Next, the Court must focus it's inquiry on whether CEI had notice that but for a mistake concerning the identity of the proper party, the action would have been brought against it.  In doing so, the Court finds that Plaintiff is able to satisfy this portion of the rule because CEI is an operating entity of FirstEnergy and because the two companies shared common counsel prior to CEI's being named as a defendant.  As such, CEI had at least constructive knowledge of the suit. *See Berndt v. State of Tenn.*, 796 F.2d 879, 884 (noting that constructive knowledge of a lawsuit under Rule 15(c) can be imputed to a new defendant through counsel representing the original defendant) (citations omitted).

### IV.  Plaintiff's Motion for Sanctions

In his motion, Plaintiff asks for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority against both FirstEnergy's counsel and the law firm for which they work.

---

[2] It is irrelevant that Plaintiff's counsel chose to wait until the last day of the limitations period to file his original Complaint.  If anything, this goes to the fact that Plaintiff's counsel believed that FirstEnergy was the proper party and that Plaintiff's counsel was waiting to file his lawsuit because he was hopeful that FirstEnergy would settle the claims without the need for litigation.

6

Having reviewed this matter, the Court is convinced that while it's a close call, sanctions are not appropriate because most of the conduct at issue occurred prior to the filing of this lawsuit. That said, it appears that FirstEnergy's counsel was engaging in some amount of gamesmanship because they never stated FirstEnergy's position that it was not liable even when it became exceedingly clear that Plaintiff's counsel believed FirstEnergy to be the responsible party. Moreover, Plaintiff's counsel's belief that FirstEnergy was the responsible party was, in part, justified by FirstEnergy's counsel's correspondence regarding the claims and possible settlement thereof. This type of gamesmanship falls below the level of professionalism that the Court expects from counsel.

According to Plaintiff, sanctions are appropriate because FirstEnergy's counsel attempted to mislead his counsel as to the proper defendant, engaged in bad faith participation in settlement discussions prior to the initiation of the lawsuit, and wasted the time and expense of Plaintiff's counsel and the Court in coming to the Case Management Conference. Although the Court can impose sanctions for unreasonable and vexatious conduct, it does not find the conduct here to be unreasonable and vexatious. The facts demonstrate that FirstEnergy's answer stated that it was only a holding company, Plaintiff's counsel's letter to FirstEnergy and the Joint Report of Parties' Planning Meeting indicates that corporate identity was an issue, and Plaintiff's counsel stated in a letter to FirstEnergy that CEI owned the power lines. Because of this, it is hard for the Court to find that FirstEnergy's counsel's conduct – in not expressly disclaiming liability – is worthy of sanctions under 28 U.S.C. § 1927 or otherwise. *See generally In re Ruben*, 825 F.2d 977, 982-85 (setting forth the various standards for sanctions).

### V.  Conclusion

For the reasons stated herein, CEI's Motion to Dismiss is DENIED and Plaintiff's Motion for Sanctions is also DENIED.

IT IS SO ORDERED.

| May 26, 2006 | *s/John R. Adams* |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |